UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, <br><br> Plaintiff, <br><br> v. <br><br> FOOD MARKETING MERCHANDISING, INC. <br><br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 2:13-cv-193 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the motion of Defendant Food Marketing Merchandising, Inc. ("Defendant" or "FMMI") to dismiss Plaintiff Selective Insurance Company of the Southeast's ("Plaintiff" or "Selective") Amended Complaint for Declaratory Judgment due to lack of ripeness. (Def.'s Mot. to Dismiss, Mar. 14, 2013, ECF No. 12). Alternatively, Defendant seeks to transfer venue of this matter to the United States District Court for the District of Minnesota, on the grounds that the District of New Jersey is an improper forum and/or based on the convenience of the parties, witnesses, and the interests of justice. (Id.) Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion to Dismiss and, in the alternative, Motion to Transfer Venue (ECF No. 12) is **denied**.

I. BACKGROUND

The instant insurance coverage action was instituted by Selective against FMMI to resolve an insurance coverage dispute arising from Selective's denial of coverage for a lawsuit in

1

which FMMI was named. Selective and Selective Insurance Company of the South have issued several automobile, business, and commercial umbrella insurance policies to FMMI. FMMI is a Minnesota corporation and maintains its principal place of business there. Selective has its principal place of business in New Jersey.

The underlying suit giving rise to the instant action is a Complaint filed by Accantia Group Holdings d/b/a Accantia Group Holdings Company and Conopco, Inc. d/b/a Unilever against FMMI in the United States District Court for the Southern District of New York on June 27, 2012, ("Unilever Complaint"). The Unilever Complaint sets forth alleged claims of trademark infringement based upon FMMI's Simply product line ("Simply"). Based on that categorization, Selective sought Declaratory Judgment that Selective has no obligation to defend FMMI in regards to the Unilever Complaint, as it is categorized as a knowing and intentional trademark infringement claim. A trademark infringement suit is among one of the enumerated offenses covered by the "personal and advertising injury" coverage for intentional bad acts. The Unilever Complaint alleges that FMMI deliberately, knowingly, willingly, fraudulently, and maliciously infringed on Unilever's Simple Trademark through its own line of Simply products.

Selective asserts that it has no duty to defend or indemnify FMMI in a dispute currently active in the United States District Court for the Southern District of New York because the underlying action is a knowing trademark infringement dispute. Conversely, FMMI contends that the underlying suit is a marketing dispute, not a trademark infringement action.

Shortly after the Unilever Complaint was filed, FMMI sought defense and indemnity under its insurance policy with Selective. The insurance policy, Policy S1838328, was issued to FMMI from Selective's Charlotte, North Carolina Office with a policy period from November 30, 2011 to November 30, 2012 ("the 2011-2012 Policy"). The 2011-2012 Policy contains

commercial automobile coverage, business coverage, and commercial umbrella coverage. The 2011-2012 Policy does not contain a forum selection clause, and states only that actions concerning the Policy must be filed in the United States. After analyzing the claim, Selective, through its assigned claims administrator, denied any obligation on the part of Selective to afford coverage to FMMI for the claims asserted under the Unilever action. The primary reasons cited for the denial of coverage were: (1) Unilever's claim for trademark infringement is not an enumerated "personal and advertising injury" offense; (2) the Complaint alleges intentional infringement, which falls within the exclusion for "personal and advertising injury" caused with knowledge that the act would violate the rights of another. FMMI disputed the denial, arguing that Selective had a duty to defend and indemnify based on the 2011-2012 Policy.

In response to FMMI's challenge of Selective's denial of coverage, Selective instituted this declaratory judgment action against FMMI seeking to resolve the coverage dispute. The Amended Complaint for Declaratory Judgment seeks a declaration that Selective does not owe a duty to defend or indemnify FMMI for trademark infringement claims asserted in the Unilever action.

FMMI now moves to dismiss the Amended Complaint for Declaratory Judgment due to lack of ripeness. In the alternative, FMMI seeks to transfer venue in this matter to the United States District Court for the District of Minnesota, as a substantial part of the events giving rise to this claim stem from the policy issued in Minnesota. FMMI asserts that Selective is creating an undue burden on FMMI by bringing this suit in New Jersey, knowing that an action is pending in the United States District Court for the Southern District of New York.

## II. LEGAL STANDARD

### A. Ripeness

The ripeness doctrine is derived from Article III limitations permitted federal courts to decide only cases and controversies. See U.S. Const. art. III, § 2; Nextel Communs. of the Mid-Atl., Inc. v. City of Margate, 305 F.3d 188, 192 (3d. Cir. 2002). The existence of a case and controversy is a prerequisite for a case to be considered by a federal court. Presbytery of the Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462, (3d Cir. 1994); Felmeister v. Office of Att'y Ethics, Div. of N.K. Admin. Office of Courts, 856 F.2d 529 (3d Cir. 1998). The ripeness requirement "prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way." Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 575 (3d Cir. 2003).

In a declaratory judgment action, "the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil, 312 U.S. 270, 273 (1941). If the facts alleged do not create a case or controversy, they are not ripe for consideration by a federal court. Federal Kemper Ins. Co v. Rauscher, 807 F.2d 345, 350 (3d Cir. 1986).

The Third Circuit and the District Court of New Jersey utilize a three-part test to determine whether claims for declaratory relief are ripe. Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990); Navigators Specialty Ins. Co. v. Scarinci & Hollenberk, LLC, No. 09–4317, 2010 WL 1931239, at *3 (D.N.J. May 12, 2010). The three-pronged test requires that: "(1) the parties must have adverse legal interests; (2) the facts must be sufficiently concrete to allow for a conclusive legal judgment, and (3) the judgment must be useful to the parties." Navigators Specialty Inc., 2010 WL 1931239, at *11.

**B. Motion to Transfer Venue**

The decision of whether to transfer a case is within the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09–2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 497 (D.N.J.1 998).

The Court considers three factors when deciding whether to transfer a matter pursuant to § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id. In addition to these statutory factors, the Third Circuit established a list of public and private interests that should also be considered:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Johnson v. RiteAid, No. 10–2012, 2011 WL 2580375, at *2–3 (D.N.J. June 28, 2011) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995)).

Therefore, the Court must engage in a two part analysis to determine whether a motion to

transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in that district in the first instance. Lawrence v. Xerox Corp., 56 F.Supp. 2d 442, 450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir.1988) (internal citations omitted)).

The burden of persuasion falls upon the moving party on a motion to transfer. Rappoport, 16 F.Supp.2d at 502. Moreover, "[t]he burden is not on the plaintiff to show the proposed alternative forum is inadequate. Rather, the burden is on the moving party to show the proposed alternative forum is not only adequate, but also more convenient than the present forum." Rappoport, 16 F.Supp.2d at 498. A "[t]ransfer analysis under § 1404 is a flexible and individualized analysis and must be made on the unique facts presented in each case." Id.

Venue questions in federal court are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Jumara v. State Farms Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) provides for a case to be transferred where both the original and the requested venue are proper. Id. Section 1406 is applicable in cases where the original venue is improper and allows for either transfer or dismissal of the case. Id. Thus, while either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal. Id.

### III. DISCUSSION

#### A. Ripeness Discussion

FMMI contends that this case is premature unless and until the Unilever Complaint is decided as a knowing trademark infringement case. Selective asserts that it is presently entitled

to an adjudication of whether it is obligated to defend and indemnify FMMI against the Unilever Complaint. This Court finds that the matter is ripe.

A dispute between an insurer and an insured regarding whether a duty to defend or indemnify has been found to present a case or controversy ripe for adjudication. ACandS, Inc. v. Aetna Cas. & Sur. Co., 666 F.2d 819, 823 (3d Cir. 1981). Courts have recognized "[t]he respective interests and obligations of insured and insurers, when disputed, require determination much in advance of the judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement." ACandS, Inc., 666 F.2d at 823.

FMMI argues that the "case is premature unless and until the Unilever Complaint is decided as a knowing trademark infringement case." (Def.'s Br. 12, Mar. 14, 2013, ECF No. 12-1). FMMI reasons this is so because "the resolution of the underlying action is needed to provide all the facts necessary for this action." (Def.'s Br. 7). However, after careful analysis, this Court finds that the matter is ripe.

It is clear that a case or controversy exists between Selective and FMMI regarding whether FMMI is entitled to defense and indemnity from Selective in the trademark infringement suit. Following FMMI's challenge to Selective's initial denial of coverage, Selective instituted this declaratory judgment action to adjudicate the scope of its obligation to FMMI. FMMI's assertion that the Unilever action is not a trademark infringement claim, as stated in the Complaint, but, in fact, a marketing and distributing claim, is irrelevant to the Court's analysis. The claims actually alleged in Unilever's Complaint, not Plaintiff's characterizations of those claims, are to be considered in making required coverage determinations. See Travelers Property Cas. Co. of America v. Mericle, 2012 WL 23335984, at *5 (3d Cir. June 20, 2012)

(disallowing defendant's attempts to recharacterize the allegations contained in the complaint in an effort to obtain coverage); Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 173 (1992). Pursuant to relevant case law, institution of this action by Selective is timely. Selective is entitled to adjudication to determine whether it is obligated to defend and indemnify FMMI for the Unilever Complaint. The action is thus ripe.

**B.     Propriety of New Jersey Venue**

FMMI argues that New Jersey is not an appropriate venue because the substantial events giving rise to this claim occurred not in New Jersey, but in Minnesota or New York, and FMMI does not have requisite minimum contacts to the jurisdiction of New Jersey. (Def.'s Br. 14). FMMI asserts that the events giving rise to Selective's claim stem from the issuance of the 2011-2012 Policy and FMMI's notification of Selective of the filing of the Unilever Complaint. Going further, FMMI states that the underlying basis for the suit originated in Minnesota with the manufacturing and distribution of Simply products. FMMI is organized under the laws of Minnesota and has its principal place of business there. Therefore, FMMI asserts it notified Selective of the filing of the Unilever Complaint from Minnesota. Because the Unilever Complaint was filed in the Southern District of New York, FMMI also offers that district as an appropriate venue.

Selective asserts, conversely, that all of Selective's claim-handling activities with respect to FMMI's submitted claim for coverage occurred in New Jersey. (Pl.'s Br. 18, Apr. 22, 2013, ECF No. 16). These activities include the analysis of the claim, the decision made by Selective to disclaim coverage, and the issuance of the disclaimer letter. (Pl.'s Br. 18). Further, Selective points to FMMI's nationwide sales of its Simply products, the subject of the trademark infringement suit, in support of its argument that venue is appropriate in New Jersey.

8

To support a finding that venue is proper in this district, a substantial part of the events giving rise to the claim must have occurred in New Jersey and this Court must have personal jurisdiction over the defendant. As it relates to the venue analysis, this Court inquires into the nature of the acts or omissions central to the development of the coverage dispute between Selective and FMMI. The instant action for declaratory judgment arose based on Selective's analysis of FMMI's claim for coverage, the decision to disclaim coverage, the issuance of the disclaimer letter, and Selective's receipt of FMMI's challenge to the disclaimer. Venue may be proper in more than one district. The law requires only that "substantial events material to [the] claim occurred in the forum district." Employee Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153 (10th Cir. 2010) (internal quotations omitted). If it is found that substantial events material to Selective's claims took place in New Jersey, venue in this District is proper.

In arguing for a transfer of venue, FMMI pinpoints the places where: the 2011-2012 Policy was issued (Minnesota), the Selective Policy was issued (Minnesota), the Unilever Action was filed (New York), FMMI conducts its distribution and manufacturing operations (Minnesota), and FMMI's demand for coverage was initiated (Minnesota). Although those facts are accurate, they do not paint the entire picture of the geography of this dispute. Central to this action as well is Selective's analysis of the Complaint, the decision to disclaim coverage based on the content of the Unilever Complaint, as well as Selective's receipt of FMMI's challenge to the disclaimer. Based on these events, it is clear that substantial events occurred in the District of New Jersey in satisfaction of the requirements set forth in 28 U.S.C. 1391(b)(2).

Next, the Court must examine whether personal jurisdiction exists over the defendant. 28 U.S.C. 1391(b)(1) provides that venue is proper if any defendant resides in the judicial district. Under 28 U.S.C. 1391(c)(2), included within the definition of residency is "in any judicial

9

district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). Even where a non-resident defendant is not physically present within the forum, personal jurisdiction over that defendant may be established where that defendant has "personally avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). "When a defendant makes a conscious choice to conduct business with the residents of a forum state, 'it has clear notice that it is subject to suit there.'" Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (citing World-Wide Volkswagen, 444 U.S. 286, 297 (1980)).

Here, personal jurisdiction exists over FMMI. In its answer to the Unilever Complaint, FMMI acknowledged that "it manufactures, markets, distributes, and sells its personal care products with the Simply mark through a variety of trade channels, including superstores, drugstores, and online retailers." The Simply line of products is available for purchase on Amazon to consumers in New Jersey. FMMI has not disputed that its products are sold nationwide, including in the State of New Jersey. As FMMI has voluntarily availed itself on this district and benefits from sales made in the State, this Court has personal jurisdiction over FMMI and venue is proper in this District pursuant to 28 § U.S.C. 1391(b)(1) and 28 § U.S.C. 1391(c)(2).

C. **Forum Non Conveniens Analysis**

FMMI asserts that, even assuming the District of New Jersey is a proper forum, this action should be transferred to the District of Minnesota, as it is a more convenient forum pursuant to 28 U.S.C. 1404(a). As a threshold matter, this Court must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. Where subject

matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). Under this standard, it is possible for venue to be proper in more than one district. Zapf v. Bamber, No. 04-3823SSB, 2005 WL 2089977, at *1-*2 (D.N.J. Aug.26, 2005) (citing Cottman Trans. Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994)). The Court finds here that, as discussed in the proceeding section, events giving rise to Plaintiffs' Amended Complaint did take place in Minnesota, specifically: FMMI is a Minnesota Corporation whose principal place of business is located there and the product line alleged to have infringed in the Unilever Complaint was developed there.

Having found that this action could have originally been brought in the District of Minnesota, this Court now turns to whether the private and public factors weigh in favor of such a transfer. Weighing the public and private factors utilized by the Third Circuit, and set forth in Section II of this Opinion, the Court finds they do not support a transfer to the District of Minnesota.

### 1. Private Factors

The primary private interests at issue in this motion to transfer are Plaintiffs' choice of forum, where the claim arose, the convenience of the parties and witnesses, and the location of books and records. This Court has recognized that a "[p]laintiff's choice of forum is a paramount consideration that should not lightly be disturbed." Clark v. Burger King Corp., 255 F. Supp. 2d 334, 338 (D.N.J. 2003) (quotations and citations omitted). Selective chose the District Court of New Jersey as it is the location of its principal place of business and the state in which Selective analyzed FMMI's claim for coverage and made the determination to deny coverage to FMMI. As Selective has chosen this forum to file its claim, in order to disturb its venue, FMMI bears the

burden of proving that the District of Minnesota is more convenient than the present forum. That burden has not been met here.

Although FMI asserts that the events given rise to this insurance coverage dispute arose in Minnesota, where its principal place of business and state of incorporation are, it has not demonstrated that those facts outweigh the importance of the events that took place in New Jersey. FMMI has failed to establish a nexus between its state of incorporation, its principal place of business and the court's analysis of where this insurance action claim arose. Furthermore, as it pertains to witnesses, the only witnesses spoken of by FMMI are unnamed members of FMMI's management team. The members of the management team have not been indentified nor has their potential contribution to the matter discussed. Furthermore, Selective has agreed to depose FMMI witnesses in Minnesota, to minimize potential inconvenience. (Def.'s Br. 29). The named potential witness for Selective, David Hahn, is located in New Jersey. As it pertains to the location of books and records, FMMI has not identified any particular books, records, or other evidence relevant to the matter that are located in Minnesota. Conversely, the Selective Policy and claim file are located in New Jersey. Any discovery produced in the Unilever Action can just as easily be produced in this District. Therefore, the private factors, as a whole, do not weigh in favor of transfer.

## 2. Public Factors

Practical considerations that could make the trial "easy, expeditious or inexpensive" are not apparent. Further, the Court recognizes that New Jersey certainly has in interest in protecting its residents and corporations from the alleged wrongful acts of a non-forum corporation, which is not outweighed by Minnesota's interest. Although the public interests that the Court must weigh when deciding whether to transfer an action would be served in either jurisdiction, in this

Court's view, they do not favor transfer.

After taking all of the foregoing into consideration, this Court cannot conclude that Defendants met their burden of demonstrating that it would be more convenient for all the parties and witnesses to have this case litigated and tried in the District of Minnesota. The record does not demonstrate that either party will be more seriously inconvenienced during discovery as a result of the venue. Plaintiffs' choice of forum should thus be honored.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, to Transfer the Case to the United States District Court for the District of Minnesota is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Date: May 16, 2013  cc: All Counsel of Record
Mark Falk, U.S.M.J.