**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
Email: bgreenberg@litedepalma.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br><br>Plaintiff,<br>v.<br><br>FOOD MARKET MERCHANDISING, INC.<br><br>Defendant. | Civil Action No. 13-cv-193 (DMC)(MF)<br><br>**DEFENDANT FOOD MARKET MERCHANDISING, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant Food Market Merchandising, Inc., ("FMMI"), for its Answer to the Amended Complaint of Plaintiff Selective Insurance Company of the Southeast ("Selective"), states and alleges as follows:

1.  Defendant denies each and every allegation contained in Plaintiff's Amended Complaint, except those allegations that are specifically admitted, qualified, or otherwise answered in this Answer.

2.  As to Paragraph 1 of Plaintiff's Amended Complaint, Defendant is without sufficient information to form a belief as to the truth or accuracy of the allegations contained therein. Therefore, Defendant effectively denies those allegations.

3. As to Paragraph 2 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff issued a commercial insurance policy that was in effect from November 30, 2011 to November 30, 2012.  However, Defendant notes this policy was a renewal of a policy with the original term of November 30, 2009 to November 30, 2010.  Plaintiff has since renewed the policy through November 30, 2013.

4. As to Paragraph 3 of Plaintiff's Amended Complaint, Defendant admits that it is a corporation organized under the laws of Minnesota with a registered address of 6401 106th Street, Bloomington, Minnesota.

5. As to Paragraph 4 of Plaintiff's Amended Complaint, Defendant admits it manufactures and distributes lip balms under its SIMPLY® Trademark.  Defendant denies the remaining allegations in this paragraph.

6. As to Paragraph 5 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

7. Paragraph 6 of Plaintiff's Amended Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendant denies the rest and remainder of this paragraph.

8. As to Paragraph 7 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.  FMMI does not do business in the District of New Jersey and does not have sufficient minimum contacts to be subject to personal jurisdiction in the District.

9. As to Paragraph 8 of Plaintiff's Amended Complaint, Defendant admits the allegations in the first sentence.  The copy of the complaint speaks for itself.  Defendant denies the rest and remainder of the allegations in this paragraph.

10. As to Paragraph 9 of Plaintiff's Amended Complaint, Defendant admits the language of Paragraph 9 is found in the Unilever Action Complaint but denies the assertions contained therein.  Defendant denies the rest and remainder of the allegations in this paragraph.

11. As to Paragraph 10 of Plaintiff's Amended Complaint, Defendant admits only that the language of Paragraph 10 is found in the Unilever Action Complaint.  Defendant is without sufficient information to form a belief as to the truth or accuracy of the remaining allegations contained in this paragraph.  Therefore, Defendant effectively denies those allegations.

12. As to Paragraph 11 of Plaintiff's Amended Complaint, Defendant admits only that the language of Paragraph 11 is found in the Unilever Action Complaint.  Defendant is without sufficient information to form a belief as to the truth or accuracy of the remaining allegations contained in this paragraph.  Therefore, Defendant effectively denies those allegations.

13. As to Paragraph 12 of Plaintiff's Amended Complaint, the Complaint speaks for itself.  Defendant denies the allegations contained in the referenced Complaint..

14. As to Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiff's Amended Complaint, Defendant admits only that the language of each Paragraph is found in the Unilever Action Complaint.  Defendant denies these allegations.

15. As to Paragraph 21 of Plaintiff's Amended Complaint, Defendant admits its mark for SIMPLY® was filed November 24, 2009 and was registered with the United States Patent and Trademark Office on March 22, 2011.

16. As to Paragraph 22 of Plaintiff's Amended Complaint, Defendant admits Plaintiff issued a commercial insurance policy that was in effect from November 30, 2011 to November 30, 2012.  However, Defendant notes this policy was a renewal of a policy with the original term

of November 30, 2009 to November 30, 2010.  Plaintiff has since renewed the policy through November 30, 2013.

17.     Defendants admits Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 as to the language contained within the insurance policy, Defendant is without sufficient information to form a belief as to the truth or accuracy of the remaining allegations contained in these paragraphs.  Therefore, Defendant effectively denies those allegations.

18.     As to Paragraph 33 of Plaintiff's Amended Complaint, Defendant admits tendering the complaint from the Unilever Action to Selective.

19.     As to Paragraphs 34, 35, 36 and 37 of Plaintiff's Amended Complaint, Defendant admits Selective sent a letter dated July 20, 2012.  Defendant is without sufficient information to form a belief as to the truth or accuracy of the remaining allegations contained in these paragraphs.  Therefore, Defendant effectively denies those allegations.

20.     As to Paragraph 38 of Plaintiff's Amended Complaint, Defendant admits counsel for FMMI sent a letter dated July 31, 2012 to Selective.

21.     As to Paragraph 39 of Plaintiff's Amended Complaint, Defendant realleges and incorporates by reference the admissions, allegations, and denials in paragraphs 1 through 38 of this answer.

22.     As to Paragraph 40 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

23.     As to Paragraph 41 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

24.     As to Paragraph 42 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

25. As to Paragraph 43 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

26. As to Paragraph 44 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

27. As to Paragraph 45 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

28. As to Paragraph 46 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

29. As to Paragraph 47 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

30. As to Paragraph 48 of Plaintiff's Amended Complaint, Defendant realleges and incorporates by reference the admissions, allegations, and denials in paragraphs 1 through 47 of this answer.

31. As to Paragraph 49 of Plaintiff's Amended Complaint, the language of the Selective Policy speaks for itself.  Defendant denies the remaining allegations contained in this paragraph.

32. As to Paragraph 50 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

33. As to Paragraph 51 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

34. As to Paragraph 52 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

35. As to Paragraph 53 of Plaintiff's Amended Complaint, Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

36. Pending discovery, to preserve all affirmative defenses, Defendant incorporates all affirmative defenses set forth in Rule 4:5-4 of the New Jersey Court Rules.

37. Defendants affirmatively allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIM

Food Market Merchandising, Inc., ("FMMI"), as and for its Counterclaim against Selective Insurance Company of the Southeast ("Selective"), states and alleges as follows:

## PARTIES

1. FMMI is a corporation organized under the laws of Minnesota with a registered address of 6401 106th Street, Bloomington, Minnesota.

2. Selective, upon information and belief, is a domestic Indiana corporation with an entity address of 11711 N Meridian St, Ste 800, Carmel, IN 46032.

## FACTUAL ALLEGATIONS

3. Selective issued Commercial Policy Common Declaration Policy S1838328 ("Policy") to FMMI with a policy period from November 30, 2011 to November 30, 2012. This policy is actually the second renewal of a substantially similar policy with an original policy period of November 30, 2009 to November 30, 2010.

4. Selective filed an Amended Complaint for Declaratory Judgment action against FMMI on January, 25, 2013 declaring that Selective has no obligation to defend and/or indemnify the defendant in a related law suit based of federal and New York state law claims.

371480.1

5. Selective stated in its letter to FMMI and in its filings with this Court that it does not have an obligation to defend or indemnify FMMI based on the claims in the underlying case captioned <u>Accantia Group Holdings d/b/a Accantia Group Holdings Company and Conopco, Inc. d/b/a Unilever</u>, No 1:12-CV-05042-VM (S.D.N.Y., Jun 27, 2012) ("Unilever Action").

6. Selective alleges that the Unilever Action claims for trademark infringement do not fall within the specifically enumerated offenses constituting "personal and advertising injury" under the Policy.

7. The Sixth Claim for Relief of the Complaint in the underlying Unilever Action pertains to alleged deceptive trade practices under New York General Business Law § 349.

8. Deceptive trade practices are not one of the enumerated exclusions to coverage under the Selective Policy. Nor has Selective specifically disclaimed coverage for the claim in the Unilever Action.

## COUNT I
### Bad Faith Denial of Coverage

9. FMMI restates, realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

10. In Count Six, and particularly paragraphs 63 and 64, of its Complaint in the Unilever Action, Unilever has alleged that FMMI is engaged in deceptive trade practices or acts in the conduct of a business likely to damage the public under New York General Business Law § 349.

11. The Policy applies to "personal and advertising injury" caused by an offense arising out of the business if the offense was committed during the coverage period and is not one of the enumerated exceptions.

12. Deceptive trade practices or acts are not on the enumerated list of exceptions to the Policy coverage for personal and advertising injury. Therefore, Count Six of the Unilever Action is covered under the Policy.

13. Through its July 20, 2012 letter denying coverage for the Unilever Action and the declaratory judgment action, Selective has denied coverage for the same.

14. Unilever has raised allegations against FMMI, the insured, which potentially fall within the coverage provided.

15. As the insurer, Selective is obligated to fully defend FMMI until Selective can confine the possibility of recovery to claims outside the coverage of the policy.

16. Selective has denied its duty to defend and duty to indemnify FMMI in bad faith.

## COUNT II
## Breach of Contract

17. FMMI restates, realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

18. Selective and FMMI entered into a contract when Selective issued the Policy to FMMI and FMMI paid Selective the premiums for the Policy.

19. The Policy, or contract, stipulates that Selective will defend and/or indemnify FMMI in the event of a suit for matters covered under the policy.

20. The Unilever Action alleges acts that are covered under the Policy.

21. FMMI followed the protocols established in the Policy to notify Selective of the action and request coverage under the Policy.

22. Selective denied its obligation to defend and indemnify FMMI in the Unilever Action.

23. Selective's denial of coverage under the Policy for the Unilever Action is a breach of the contract between the parties.

## COUNT III
## Breach of Duty of Good Faith and Fair Dealing

24. FMMI restates, realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

25. As an insurer, Selective has an obligation to deal with all of its insured honestly, fairly and in good faith.

26. Selective had an obligation to exercise good faith and fair dealing in the processing of FMMI's claim for coverage for the Unilever Action.

27. FMMI had reasonable and justified expectations of coverage for the Unilever Action.

28. Selective's determinations that it does not have an obligation to defend FMMI, based on Selective's narrow interpretation of the Policy language and language of the Unilever Action without regard to the general circumstances and understandings between FMMI as the insured and Selective as the insurer, violates its obligation of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE, Food Market Merchandising, Inc., prays for judgment as follows:

1. That the Amended Complaint, and each and every purported claim for relief therein, be dismissed with prejudice;

2. That the Court find in favor of Food Market Merchandising, Inc. on its counterclaim for bad faith against Selective;

3. That the Court finds in favor of Food Market Merchandising, Inc. on its counterclaim for breach of contract against Selective;

371480.1

4. That the Court finds in favor of Food Market Merchandising, Inc. on its counterclaim for breach of duty of good faith and fair dealing against Selective;

5. That an award of damages, including compensatory damages and punitive damages, if warranted, be made in favor of Food Market Merchandising, Inc. on its counterclaims, in an amount to be determined at trial;

6. That Food Market Merchandising, Inc., be awarded its attorneys' fees, costs of suit, and expenses incurred herein; and

7. That the Court award such other and further relief as the Court deems equitable, just, and proper.

Dated: May 30, 2013

**LITE DEPALMA GREENBERG, LLC**

By:   */s/ Bruce D. Greenberg*
  Bruce D. Greenberg
  Two Gateway Center, Suite 1201
  Newark, New Jersey 07102
  (973) 623-3000
  bgreenberg@litedepalma.com

  *Attorneys for Defendant*

371480.1